UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GUADALUPE PARADA HERNANDEZ,<br><br>            Petitioner,<br><br>    v.<br><br>ARCHAMBEAULT, ET AL.,<br><br>            Respondents. | Case No.  26-cv-02951<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Jose Guadalupe Parada Hernandez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241, requesting immediate release or a bond hearing.  (Dkt. No. 1 ("the Petition").)  The government responded to the Petition, acknowledging that Petitioner "appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, ___ F. Supp. 3d___, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025)," and thus, the government "do[es] not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. [Section] 1226(a)."  (Dkt. No. 4.)  For the reasons stated below, the Petition is **GRANTED**.  Respondents shall ensure that Petitioner is provided with a bond hearing within 14 days.

## I.      LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).  "[T]he traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates that they are in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens

detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.   ANALYSIS

Petitioner, a citizen of Mexico, has been residing in the United States since 2007. (Dkt. No. 1 ¶¶ 6, 19.) Immigration and Customs Enforcement ("ICE") arrested him in the interior of the United States on approximately January 20, 2026, and he remains in immigration detention. (*Id.*) Petitioner has been charged as being inadmissible under 8 U.S.C. Section 1182(a)(6)(A)(i) as someone who entered the United States without inspection. (*Id.* ¶ 6.) Petitioner has not been given a bond hearing, presumably in reliance on *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (*Id.* ¶ 19.)

The Central District of California certified a class of which it appears that Petitioner was initially a member. *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1075, 1077–78 (C.D. Cal. 2025). The case essentially overruled *Yajure Hurtado*. *Id.* at 1080. The Ninth Circuit has since stayed application of the class to any members outside the Central District of California. *Maldonado Bautista v. U.S. DHS*, No. 26-1044, Dkt. No. 5 (9th Cir. Mar. 6, 2026). Although *Maldonado Bautista* is not binding on this Court, many courts in this district have agreed with the reasoning in *Maldonado Bautista* and have found that similarly situated petitioners are not subject to mandatory detention under 8 U.S.C. Section 1225. *See*, *e.g.*, *Rodriguez v. LaRose*, No. 25-cv-02940-RBM, 2025 WL 3456475, at *4–5 (S.D. Cal. Dec. 2, 2025); *Gregorio v. LaRose*, No. 25-cv-03322-BAS, 2025 WL 3653998, at *2–4 (S.D. Cal. Dec. 17, 2025); *Cortez Garrido v. Mullin*, No. 26-cv-02800-LEK, 2026 WL 1375950, at *1–2 & n.2 (S.D. Cal. May 15, 2026); *see also Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 936–37 (N.D. Cal. 2025). Therefore, for the reasons stated in those opinions, the Court **GRANTS** the Petition.

Petitioner has also requested that this Court award him attorney's fees. (Dkt. No. 1 at 7.)[1]

---

[1] Citations to page numbers refer to ECF pagination.

2

The Court will consider an application requesting reasonable attorney's fees that is filed within 30 days of the entry of judgment. Accordingly, Petitioner's request for attorney's fees is **DENIED** without prejudice.

### III.   CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**. Respondents are **ORDERED** to provide Petitioner with an individualized bond hearing under 8 U.S.C. Section 1226(a) within 14 days of the filing of this Order. Respondents **SHALL NOT** deny Petitioner's bond on the basis that 8 U.S.C. Section 1225(b)(2) requires mandatory detention. If no bond hearing is held by **June 1, 2026**, Petitioner shall be released the following day.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

Dated: May 18, 2026

RITA F. LIN
United States District Judge

3